IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY LENARD FITCH                                                      PLAINTIFF

vs.                                Civil No. 6:11-cv-06051

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Gary Lenard Fitch ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying his application for Disability

Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have

consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case,

including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for disability benefits on March 24, 2009.  (Tr. 10, 98).  Plaintiff

alleged he was disabled due to hypertension, panic attacks, possible mini-strokes, pain in his upper back,

knee problems, depression, anxiety, and white coat syndrome.  (Tr. 116).  Plaintiff alleged an onset date

of December 31, 2004.  (Tr. 116).  This application was denied initially and again on reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

(Tr. 52, 59).  Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted.  (Tr. 61-61).

This hearing was held on April 1, 2010 in Hot Springs, Arkansas.  (Tr. 24-49).  Plaintiff was present and represented by counsel, James Street, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Mac Welsh testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had an eighth grade education.  (Tr. 28, 30).

On June 30, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-19).  In this decision, the ALJ determined Plaintiff last met the insured status on December 31, 2009. (Tr. 12, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from December 31, 2004, his alleged onset date, through his last date of insured.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the severe impairments of essential hypertension, osteoarthritis, and panic disorder.  (Tr. 12, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings").  (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 5).  The ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not fully credible.  (Tr. 16).  The ALJ also determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform medium work where interpersonal contact is incidental to the work performed; tasks are learned and performed by rote with few variables and little judgment; and

supervision is simple and direct.  (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 17).  The ALJ found Plaintiff was unable to perform his PRW of trash hauler and fisherman.  (Tr. 17, Finding 6).  The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy.  (Tr. 18, Finding 10).  The ALJ based this finding upon the testimony of the VE.  *Id.* Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a janitorial night warehouse cleaner with 4,000 such jobs in Arkansas and 750,000 in the national economy.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision.  (Tr. 18-19, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6).  *See* 20 C.F.R. § 404.968.  On June 18, 2011, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-5).  On July 5, 2011, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 6, 9.  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747

3

(8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work

4

experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 6.  Specifically, Plaintiff claims the following: (1) the ALJ failed to properly consider his impairments, (2) the ALJ improperly discounted his subjective complaints and (3) the ALJ erred in failing to develop the record.  ECF No. 6 at 7-20.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 9.

After reviewing Plaintiff's argument in the briefing and the opinion by the ALJ, this Court finds the ALJ did not fully consider Plaintiff's subjective complaints as required by *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  Thus, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).   The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.   The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any  inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  While the ALJ indicated the factors from *Polaski* had been considered (Tr. 16), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.  Other than mentioning some of Plaintiff's daily activities and noting some of Plaintiff's medications, the ALJ made no other specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence.  The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record.   The ALJ failed to perform this analysis.

6

This lack of analysis is insufficient under *Polaski*, and this case should be reversed and remanded for further consideration consistent with *Polaski*.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* should be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of August 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

7